IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONSTANCE COMPLIANCE, INC., | Civil Action No. 08- CV-03724 |
| Plaintiff, | |
| v. | Judge Wayne R. Andersen |
| EMERSON PROCESS MANAGEMENT POWER & WATER SOLUTIONS, INC. & HACH COMPANY, | Magistrate Judge Sidney I. Schenkier |
| Defendants. | **JURY TRIAL DEMANDED** |
| HACH COMPANY, | |
| Counterclaim Plaintiff, | |
| v. | |
| CONSTANCE COMPLIANCE, INC., | |
| Counterclaim Defendant. | |

## HACH COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Hach Company ("Hach") answers the First Amended Complaint for Patent Infringement ("Amended Complaint") of Constant Compliance, Inc. and counterclaims against Constant Compliance, Inc. as follows:

4827-3089-1010.1

## HACH'S ANSWER TO AMENDED COMPLAINT

## NATURE OF LAWSUIT

1.  Hach admits that the Amended Complaint purports to state a claim for patent infringement arising under the laws of the United States, Title 35 of the United States Code, but denies any allegations that Hach has infringed and/or infringes the patent-in-suit, U.S. Patent No. 6,845,336. Hach admits that this Court has exclusive subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. Section 1338(a).

## PARTIES

2.  Hach admits that Constant Compliance, Inc. is an Illinois corporation with offices in 140 South Dearborn Street, Suite 411, Chicago, Illinois 60603. Hach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Amended Complaint and therefore denies the same.

3.  Hach admits that "Prasad S. Kodukula" and "Charles R. Stack" are listed as inventors on U.S. Patent No. 6,845,336, titled "Water Treatment Monitoring System" issued on January 18, 2005. Hach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Amended Complaint and therefore denies the same.

4.  Hach admits that on January 18, 2005, U.S. Patent No. 6,845,336 (the "'336 patent"), titled "Water Treatment Monitoring System" issued and that "Prasad S. Kodukula" and "Charles R. Stack" are listed as inventors on that patent. Hach is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Amended Complaint and therefore denies the same.

5. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint and therefore denies the same.

6. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Emerson Process Management Power & Water Solutions, Inc. contained in paragraph 6 of the Amended Complaint and therefore denies the same.

7. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Emerson Process Management Power & Water Solutions, Inc. contained in paragraph 7 of the Amended Complaint and therefore denies the same.

8. Hach denies that it is a Colorado corporation. Hach is a Delaware corporation with its principal place of business in Loveland, Colorado. Hach admits its registered agent in Illinois is CT Corporation System located at 208 LaSalle Street, Suite 814, Chicago, Illinois.

9. Hach admits that it makes, uses, offers for sale, and sells analytical instruments and reagents used to test the quality of water and other aqueous solutions, but denies the remaining characterizations and allegations in paragraph 9 of the Amended Complaint and further denies any allegations that it has infringed and/or infringes the '336 patent.

**JURISDICTION AND VENUE**

10. Hach admits that this Court has exclusive subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. Section 1338(a).

11. Hach admits that venue in this judicial district is proper under 28 U.S.C. sections 1391 and 1400(b) and that it conducts business in this judicial district. Hach denies any allegations that it has infringed and/or infringes the '336 patent, and thus denies the remaining allegations of paragraph 11 of the Amended Complaint.

**PLAINTIFF'S PATENT INFRINGEMENT CLAIM**

12. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Emerson Process Management Power & Water Solutions, Inc. contained in paragraph 12 of the Amended Complaint and therefore denies the same.

13. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Emerson Process Management Power & Water Solutions, Inc. contained in paragraph 13 of the Amended Complaint and therefore denies the same.

14. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Emerson Process Management Power & Water Solutions, Inc. contained in paragraph 14 of the Amended Complaint and therefore denies the same.

15. Hach is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Emerson Process Management Power & Water Solutions, Inc. contained in paragraph 15 of the Amended Complaint and therefore denies the same.

16. Hach denies each and every allegation of paragraph 16 of the Amended Complaint.

17. Hach admits that by letter dated January 15, 2008 Constant Compliance, Inc. asserted that Hach infringed "the claims" of the '336 patent by licensing or otherwise creating systems for the Pittsburgh Water and Sewer Authority and the Oklahoma City Water and Wastewater Utilities. After investigating these allegations, Hach responded by letter dated January 29, 2008 and advised Constant Compliance, Inc. that it did not design, build or operate the Pittsburgh or Oklahoma City treatment facilities. Further, Hach advised that the Event Monitor Trigger Systems it provided to Pittsburgh and Oklahoma City did not and do not contain at least six separate elements required by the claims of the '336 patent. Constant Compliance, Incorporated never responded to Hach's letter, and went forward with the filing of this lawsuit

without addressing the elements of the '336 patent clearly absent from Hach's products. Hach denies each and every remaining allegation of paragraph 17 of the Amended Complaint.

18. Hach denies each and every allegation of paragraph 18 of the Amended Complaint.

19. Hach denies each and every allegation of paragraph 19 of the Amended Complaint.

### PRAYER FOR RELIEF

Hach denies that Plaintiff is entitled to any relief, and specifically denies that Plaintiff is entitled to the relief set forth in paragraphs (A) through (E) of Plaintiff's prayer for relief.

### FIRST AFFIRMATIVE DEFENSE

Hach denies each and every allegation of the Amended Complaint not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Hach upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Hach is not presently, nor has it ever, infringed, induced infringement, or contributed to the infringement of the '336 patent either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the '336 patent are invalid for failure to comply with one or more of the requirements of the United States patent laws, including at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

As more fully outlined below in Hach's Counterclaim, specifically paragraphs 15 to 23

which are incorporated by reference, the claims of the '336 patent are unenforceable due to inequitable conduct committed by the inventors, and/or their assignees, and/or their counsel during the prosecution of the '336 patent.

### SIXTH AFFIRMATIVE DEFENSE

Hach alleges that it is presently without knowledge or information sufficient to form a belief whether it may have additional, yet unasserted, affirmative defenses. Hach therefore reserves the right to assert additional affirmative defenses if it acquires knowledge or information supporting such defenses.

### COUNTERCLAIMS AGAINST CONSTANT COMPLIANCE, INC.

Defendant and Counterclaim Plaintiff Hach counterclaims for relief against Constant Compliance, Inc. and alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Hach Company is a Delaware corporation with its principal place of business in Loveland, Colorado.

2. Counterclaim Defendant Constant Compliance, Inc. is an Illinois corporation with its principal place of business at 140 South Dearborn Street, Suite 411, Chicago, Illinois 60603.

### JURISDICTION & VENUE

3. This is a Counterclaim by Hach for declaratory judgment of invalidity, non-infringement, and absence of liability with respect to U.S. Patent No. 6,845,336 (the "'336 patent").

4. This is a Counterclaim by Hach for declaratory judgment of unenforceability of the '336 patent.

5. This declaratory action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

6.　　Venue for this Counterclaim by Hach is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## FIRST CLAIM FOR RELIEF
### (Declaratory Action for Determination of Non-Infringement)

7.　　Hach incorporates by reference, as if fully set forth below, all preceding paragraphs of this Counterclaim.

8.　　On August 4, 2008, Plaintiff filed its Amended Complaint alleging that Hach and another company infringe the '336 patent. As a result, there is an actual controversy between Hach and Constant Compliance, Inc. regarding whether the devices manufactured, offered for sale, and sold by Hach infringe the '336 patent.

9.　　Hach's products do not infringe the '336 patent, nor has Hach induced or contributed to infringement of the '336 patent.

10.　　Hach is entitled to judgment declaring that none of its products infringe the '336 patent and that Hach has not induced or contributed to infringement of the '336 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Action for Determination of Patent Invalidity)

11.　　Hach incorporates by reference, as if fully set forth below, all preceding paragraphs of this Counterclaim.

12.　　On August 4, 2008, Plaintiff Constant Compliance, Inc. filed its Amended Complaint alleging that Hach and another company infringe the '336 patent. As a result, there is an actual controversy between Hach and Constant Compliance, Inc. regarding whether the '336 patent is valid.

13. The claims of the '336 patent, individually or collectively, are invalid for failure to comply with the requirements of the United States patent laws, and in particular for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Hach is entitled to judgment declaring that the claims of the '336 patent are invalid.

### THIRD CLAIM FOR RELIEF
**(Declaratory Action for Determination of Patent Unenforceability)**

15. Hach incorporates by reference, as if fully set forth below, all preceding paragraphs of this Counterclaim.

16. On August 4, 2008, Plaintiff filed its Amended Complaint alleging that Hach and another company infringe the '336 patent. As a result, there is an actual controversy between Hach and Constant Compliance, Inc. regarding whether the '336 patent is enforceable.

17. On June 25, 2002, the application for the '336 patent was filed in the United States Patent Office naming Prasad S. Kodukula ("Kodukula") and Charles R. Stack ("Stack") as the inventors.

18. On December 1, 2003, the patent examiner issued an Office Action rejecting all of the claims in the patent application as unpatentable. Among other things, the examiner determined that none of the claims were patentable over U.S. Patent Application No. 2003/0154056—which later issued as U.S. Patent No. 6,985,831 ("Ito Patent")—combined with a publication by A. Mirsepassi et al., titled "Application of Artificial Neural Networks to the Real Time Operation of Water Treatment Plants" ("Mirsepassi article").

19. On May 24, 2004, the applicants filed an Amendment in the PTO in response to the Office Action. Among other things, the applicants stated that the claims were patentable over the combination of the Ito Patent and the Mirsepassi article because the Ito Patent and the

prior art do not disclose "a monitoring computer at a site remote from the facility," or "a remote monitoring computer," and that the Ito patent and the prior art contained "no teaching of sending" "status information in an alarm mode" "to a monitoring computer" at a "remote site," or otherwise disclose a "remote" "alarm" or "alarm function."

20.     The applicants' statements concerning the Ito Patent were false and/or misleading. Kodukula, Stack, and their patent lawyer knew, should have known, and/or failed to disclose that the Ito Patent described and illustrated numerous embodiments in which data from multiple sensors is communicated to a remote monitoring computer such as a "remote computer" and/or "remote server" through a wireless modem and/or "via the Internet" in addition to communicating the data to a "local computer" and/or a "local terminal." Similarly, Kodukula, Stack, and their patent lawyer knew, should have known, and/or failed to disclose that the Ito Patent also describes and illustrates that any "alarm" or "exception signal" produced based on sensor data that is outside of predetermined limits can be sent to such a remote monitoring computer, such as a "central server" and "user computer" "located at the facility or at a remote facility" and thus can "notify the central office whenever there is an exception or alarm condition."

21.     In response to the Amendment filed by the applicants, the PTO issued a Notice of Allowance for the claims in the '336 patent on September 5, 2004, and the '336 patent issued on January 18, 2005.

22.     Kodukula's, Stack's, and their patent lawyer's misrepresentations relating to the Ito Patent were material because they concerned limitations that they claimed distinguished the inventions over the prior art. On information and belief, Kodukula, Stack, and their patent

lawyer's misrepresentations about the Ito Patent were made with the intent to deceive the PTO so that the '336 patent would issue.

23.　　Hach is entitled to a judgment declaring that the '336 patent is unenforceable.

## JURY DEMAND

24.　　Hach demands a trial by jury on all of the claims in this Counterclaim that may be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Hach prays for Judgment as follows:

(a)　　On the First Claim for Relief for declaratory judgment that Hach has not infringed the '336 patent;

(b)　　On the Second Claim for Relief for declaratory judgment that one or more claims of the '336 patent are invalid;

(c)　　On the Third Claim for Relief for declaratory judgment that the '336 patent is unenforceable;

(d)　　That the Court find this case exceptional and award Hach its attorneys' fees, costs, and expenses against Constant Compliance, Inc. pursuant to 35 U.S.C. § 285; and

(e)　　That this Court award Hach such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of
August, 2008,

/s/ John A. Leja
---
DAVID G. MANGUM (UTAH STATE BAR NO. 4085)
C. KEVIN SPEIRS (UTAH STATE BAR NO. 5350)
CATHERINE A. AGNOLI (UTAH STATE BAR NO. 6161)
**PARSONS BEHLE & LATIMER**
ONE UTAH CENTER
201 SOUTH MAIN STREET, SUITE 1800
SALT LAKE CITY, UT 84111
(801) 532-1234
dmangum@parsonsbehle.com
kspeirs@parsonsbehle.com
cagnoli@parsonsbehle.com


JOHN A. LEJA
**MCGUIREWOODS LLP**
77 WEST WACKER
CHICAGO, ILLINOIS 60601
(312) 849-8186 (DIRECT LINE)
(312) 849-8187 (FACSIMILE)
JLEJA@MCGUIREWOODS.COM

**ATTORNEYS FOR DEFENDANT HACH COMPANY**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the above **HACH COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT & COUNTERCLAIMS** was electronically filed with the Clerk of the Court and served on the parties using the electronic CM/ECF filing system on August 19, 2008. Notice of this filing will be served on the following registered counsel of record for the parties by operation of the Court's electronic filing system.

>Paul K. Vickrey (vickrey@nshn.com)
>Arthur A. Gasey (gasey@nshn.com)
>Laura Anne Kenneally (kenneally@nshn.com)
>Niro, Scavone, Haller & Niro, Ltd.
>181 West Madison Street
>Suite 4600
>Chicago, IL  60602
>(312) 236-0733

Parties may access this filing through the Court System.

>/s/ John A. Leja