# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CONSTANT COMPLIANCE, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 CV 3724 |
| | ) | |
| v. | ) | Judge Wayne R. Andersen |
| | ) | |
| | ) | Magistrate Judge |
| EMERSON PROCESS MANAGEMENT | ) | Martin C. Ashman |
| POWER & WATER SOLUTIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Constant Compliance, Inc. ("Plaintiff"), has sued Hach Company ("Hach") and Emerson Process Management Power & Water Solutions, Inc. ("Emerson") (collectively "Defendants"). Hach is no longer a party to this case. Currently before this Court is Plaintiff's "Motion to (1) Bar Emerson From Proposing the Construction for Any Term and (2) For the Adoption of [Plaintiff's] Proposed Constructions" ("Plaintiff's Motion" or "Motion"). (Pl.'s Mot. to Bar 1.) This Court rules on this Motion under Judge Wayne R. Andersen's referral of this case for discovery supervision pursuant to Local Rule 72.1. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

## I. Background

Plaintiff filed its complaint on June 30, 2008, alleging that Hach infringed Plaintiff's patent, U.S. Patent No. 6,845,336 (the "'336 Patent"). On August 4, 2008, Plaintiff filed an amended complaint, which alleged that Defendants infringed the '336 Patent.

Hach filed its answer to Plaintiff's amended complaint on August 19, 2008, and counterclaimed, seeking declaratory judgments that Hach did not infringe the '336 Patent; that the '336 Patent was invalid; and that the '336 Patent was unenforceable. Nearly a week later, on August 25, 2008, Emerson answered Plaintiff's amended complaint and filed counterclaims for declaratory judgments of non-infringement and invalidity of the '336 Patent. Emerson also counterclaimed that Plaintiff misused the '336 Patent by filing a sham lawsuit designed to harass Emerson and prevent it from competing fairly in the market.

Plaintiff answered Defendants' counterclaims on September 11, 2008. Sometime thereafter, Plaintiff propounded interrogatories on Emerson, requesting, *inter alia*, that Emerson identify and provide constructions of any claim terms Emerson thought needed construction ("Interrogatory No. 8"). (Def.'s Resp. to Pl.'s Mot. to Bar, Ex. 1 at 47.) Emerson answered those interrogatories, including Interrogatory No. 8, and, on November 17, 2008, served them on Plaintiff and Hach. (Def.'s Resp. to Pl.'s Mot. to Bar, Ex. 1 at 70-72.) In its response to Interrogatory No. 8, Emerson identified claim terms that needed construction because they were indefinite or invalid. (Def.'s Resp. to Pl.'s Mot. to Bar, Ex. 1 at 47-53; Def.'s Submission Identifying Claim Construction Issues, Ex. A.)

One week later, on November 21, 2008, Emerson filed a motion seeking discovery from Plaintiff. Three days hence, on November 24, 2008, Hach moved to compel Plaintiff to answer its interrogatories, which included an interrogatory requesting Plaintiff's proposed constructions of claim terms in the '336 Patent. This Court heard and granted both of these motions on December 3, 2008.[1] In granting Hach's motion, this Court ordered Plaintiff and Defendants to simultaneously submit their own proposed claim term constructions by December 24, 2008 ("Simultaneous Submission Order"). This Court imposed the simultaneous submission requirement expressly to prevent either party from gaining an unfair advantage by knowing the position of the adverse party prior to revealing its own position.

Before this submission occurred, on December 16, 2008, Plaintiff and Hach filed a joint motion to dismiss Hach with prejudice, which Judge Andersen granted on January 6, 2009. On December 24, 2008, Plaintiff submitted to Emerson its proposed constructions of claim terms in the '336 Patent ("Plaintiff's Proposal" or "Proposal"). In its Proposal, Plaintiff identified and proposed constructions of the following terms: "treatment facility," "acceptable and predetermined effluent quality parameters," "remote," "predict effluent water quality and process upsets," "artificial neural network" module, "solutions," "internet interface," "form," "where necessary," "statistical module," "software," "pattern recognition module," "expert system module," "optimization module," "providing software," and "search module." (Pl.'s Mot. to Bar, Ex. B.)

That same day, December 24, 2008, Emerson sent a letter to Plaintiff that stated Emerson stood on its response to Interrogatory No. 8. (Pl.'s Mot. to Bar, Ex. C.) In that response, Emerson

---

[1] This Court also denied Emerson's requests for admissions that same day.

contended that numerous claim terms of the '336 Patent were indefinite and invalid but did not propose any constructions of these terms. (*Id.*) Emerson did not provide its own proposed constructions to Plaintiff until January 8, 2009 (Def.'s Resp. to Pl.'s Mot. to Bar, Ex. 2), at which time the Plaintiff filed the Motion currently before this Court.

In its Motion, Plaintiff alleged that Emerson failed to propose constructions of claim terms pursuant to this Court's Simultaneous Submission Order. As a result, Plaintiff contended, Emerson should be barred from proposing constructions of any claim terms. Additionally, Plaintiff argued that this Court should adopt wholesale all of the term constructions in Plaintiff's Proposal.

Emerson contended that it tendered its response to Plaintiff's Proposal on January 8, 2009, pursuant to an agreement between the parties that allowed for an extension to reply to Plaintiff's Proposal. (Def.'s Resp. to Pl.'s Mot. to Bar 4-5, Ex. 2.) At oral argument on January 22, 2009, Emerson argued, alternatively, that, because Plaintiff's Proposal identified and proposed constructions of previously unidentified claim terms, Emerson had no reason to know those claim terms were in dispute. These allegedly new terms were the following: "treatment facility," "acceptable and predetermined effluent quality parameters," "software," "predict effluent water quality and process upsets," "artificial neural network" module, "internet interface," and "providing software" (the "New Terms"). (Def.'s Submission Identifying Claim Construction Issues, Ex. D.) Because it had no reason to know the New Terms were in dispute, Emerson alleged it could not respond to them with a simultaneous submission.

Even so, those were not the only terms in need of construction. In Exhibit D to Emerson's Submission Identifying Claim Construction Issues for Court Resolution and Proposing a

Procedure for Resolving Those Issues, Emerson stated that it raised issues with the following terms in November 2008: "remote," "where necessary," "statistical module," "pattern recognition module," "expert system module," "optimization module," and "search module" (the "Disputed Terms"). (Def.'s Submission Identifying Claim Construction Issues, Ex. D.) Finally, Emerson contends that this Court should not adopt Plaintiff's constructions wholesale because this Court has an obligation to independently construe claim terms. (Def.'s Resp. to Pl.'s Mot. to Bar 10-11.)

## II. Discussion

Plaintiff's motion argues for two separate outcomes. First, Plaintiff seeks to bar Emerson from proposing constructions of any claim terms. Second, Plaintiff urges this Court to adopt all of the constructions set forth in its Proposal. This Court addresses each argument in turn.

### A. Emerson's Right to Propose Claim Constructions

As explained above, Plaintiff contends that Emerson waived its right to propose constructions of any term identified in Plaintiff's Proposal. Emerson contends that it agreed with Plaintiff to submit a response to Plaintiff's Proposal on January 8, 2009. (Def.'s Resp. to Pl.'s Mot. to Bar 5.) Alternatively, Emerson argues that Plaintiff's Proposal identified New Terms to which it could not respond because it was unaware that the New Terms needed construction.

A waiver occurs when a party intentionally relinquishes or abandons a known right. *U.S. v. Woods*, 301 F.3d 556, 560 (7th Cir. 2002) (citing *U.S. v. Cooper*, 243 F.3d 411, 415-16 (7th Cir. 2001)). A waiver may be either explicit or implicit. *In re Kontrick*, 295 F.3d 724, 735 (7th Cir. 2002). A party waives an argument "if it is not raised at the proper time." *Id.* at 735 (finding waiver where debtor failed to raise an issue until after the bankruptcy court adjudicated it). It should come as no surprise, then, that a defendant's failure to respond to a plaintiff's proposed claim constructions can constitute a waiver. *Info. Tech. Innovation, LLC v. Motorola, Inc.*, 391 F. Supp. 2d 719, 724 (N.D. Ill. 2005) (holding that defendants "waived their right to present alternative constructions of the [claim] terms" where plaintiff submitted proposed claim constructions and defendants failed to respond but requested additional time to do so, relying on an indefiniteness argument).

In this case, Emerson waived its right to propose constructions of the Disputed Terms when, on December 24, 2008, it failed to simultaneously propose constructions of the Disputed Terms pursuant to this Court's Simultaneous Submission Order. Emerson's argument that it agreed with Plaintiff to respond to Plaintiff's Proposal on January 8, 2009, is unfounded. The record nowhere indicates that Plaintiff agreed that Emerson could respond to Plaintiff's Proposal after December 24, 2008.[2]

Regardless, this Court's Simultaneous Submission Order required simultaneous submission expressly to avoid prejudicing either party. Emerson waived its right to propose

---

[2] It also bears mentioning that, at oral argument on December 3, 2008, Hach proposed a non-simultaneous submission where Defendants would reply to Plaintiff's December 24, 2008, proposed constructions by January 8, 2009. This Court explicitly rejected Hach's proposed submission dates and imposed the Simultaneous Submission Order.

constructions of the Disputed Terms by failing to propose constructions at the proper time. *In re Kontrick*, 295 F.3d at 735. To hold otherwise would eviscerate the purpose of the order by disadvantaging Plaintiff and advantaging Emerson. *See Motorola, Inc.*, 391 F. Supp. 2d at 724 (barring defendants, who failed to propose alternate constructions, from proposing claim constructions because to do otherwise would "effectively allow [defendants] to force a delay in the claim construction process"). Thus, this Court finds that Emerson waived its right to propose constructions of the Disputed Terms.

But that finding does not entirely dispose of this matter. As Emerson correctly observes, it did not waive its right to propose constructions of all terms in Plaintiff's Proposal. At oral argument, Emerson pointed out that it could propose constructions of only those terms of which it had notice. As a corollary, Emerson argued, it could not have simultaneously submitted proposed constructions of the New Terms because nothing indicated that Plaintiff would propose constructions of those terms.

But Emerson's contention that it lacked notice of the New Terms is belied by its response to Interrogatory No. 8. In that document, Emerson identified the following terms: "remote" (Def.'s Resp. to Pl.'s Mot. to Bar, Ex. 1 at 47); "predict effluent water quality and process upsets" (*Id.* at 49-50); "artificial neural network" module (*Id.* at 49-50); "solutions" (*Id.* at 48); "where necessary" (*Id.* at 51); "statistical module" (*Id.* at 50); "software" (*Id.* at 48); "pattern recognition module" (*Id.* at 50); "expert system module" (*Id.* at 50); "optimization module" (*Id.* at 50); "providing software" (*Id.* at 49); and "search module" (*Id.* at 50) (the "Revised New Terms"). Emerson nonetheless included many of these terms in its list of the New Terms. (Def.'s Submission Identifying Claim Construction Issues, Ex. D.) Because Emerson included the

Revised New Terms in its Response to Interrogatory No. 8, it had notice that it should provide constructions of those terms pursuant to the Simultaneous Submission Order. Therefore, Emerson is barred from proposing constructions of the Revised New Terms.

The only terms that do not appear in Emerson's Response to Interrogatory No. 8 are the following: "treatment facility," "acceptable and predetermined effluent quality parameters," "internet interface," and "form" (the "Unknown Terms"). Because these terms do not appear in Emerson's response to Interrogatory No. 8, Emerson did not know that it should provide constructions of these terms pursuant to the Simultaneous Submission Order. The Simultaneous Submission Order was not designed to be the last filing on the issue of claim construction, nor could it have been. For if either party's simultaneous submission had contained terms foreign to the other's, each party would be entitled to the opportunity to propose alternative constructions of those terms. *Cf. Labs. Perouse v. W.L. Gore & Assocs., Inc.*, 528 F. Supp. 2d 362, 369 (S.D.N.Y. 2007) (finding that "[the plaintiff] has suffered no prejudice," and therefore could not respond to "the substance of each 'newly proposed' construction," "because it [previously] had a full opportunity to" do so). That is precisely what happened here: Plaintiff's Proposal identified four terms that Emerson had not previously noted as disputed in its response to Interrogatory No. 8. Because Emerson did not previously have the opportunity to propose constructions of the Unknown Terms, it would suffer prejudice if this Court prevented it from doing so now. Therefore, Emerson is not barred from proposing constructions of the Unknown Terms.

In sum, Emerson waived its right to propose constructions of the Disputed Terms and the Revised New Terms (collectively the "Barred Terms"); therefore, Emerson cannot propose constructions of the Barred Terms. Emerson still may challenge the Barred Terms as indefinite or

invalid. As to the Unknown Terms, however, Emerson did not waive its right to propose constructions; therefore, it is not barred from proposing constructions of the Unknown Terms or from challenging the Unknown Terms as indefinite or invalid.

### B. The Adoption of Plaintiff's Proposed Constructions

Plaintiff urges this Court to adopt all of its proposed constructions, citing *Motorola*, 391 F. Supp. 2d at 724, for support. Having decided that Emerson did not waive its right to propose constructions of the Unknown Terms, this Court cannot oblige Plaintiff's request *in toto*. Both Emerson and Plaintiff have proposed constructions of the Unknown Terms, which this Court found both were entitled to do. Therefore, since constructions of the Unknown Terms are now properly in dispute, this Court will not adopt Plaintiff's proposed constructions of the Unknown Terms.

In considering the adoption of the Barred Terms, Emerson reminds this Court that it "has an obligation to independently determine what claim construction issues require resolution and what the proper constructions should be[;] . . . the Court is not bound to adopt either party's proffered construction of any claim term, but must, instead, construe the disputed claim terms for itself." (Def.'s Resp. to Pl.'s Mot. Bar 10 (citing *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1323-24 (Fed. Cir. 2008))). Even though Emerson correctly cites some pertinent language, it subtly misstates the law. While this Court does have "an independent obligation to construe the terms of a patent, [it] *need not* accept the construction proposed by either party." *Praxair*, 543 F.3d at

1323-24 (emphasis added). In other words, although the Court is not required to adopt a party's construction of a term, *Pfizer, Inc. v. Teva Pharm. USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005) (stating that "[defendant] has not identified any legal doctrines that would compel us to adopt the [parties'] stipulated construction[s]"), it is not prohibited from doing so. *Motorola*, 391 F. Supp. 2d at 724 ("The Court adopts [plaintiff's] unchallenged proposed constructions[] without prejudice to defendants' later argument concerning indefiniteness."); *see also Fernandez Innovative Techs., LLC v. General Motors Corp.*, No. 07-1397, 2008 WL 2168843 at *5-8, 9-10, 12-14 (N.D. Ill. May 23, 2008) (unpublished) (adopting wholesale some of plaintiff's and some of defendants' proposed constructions of disputed claim terms).[3]

Emerson attempts to distinguish *Motorola* on the grounds that all the events in this case occurred "prior to any substantive briefing or *Markman* hearing." (Def.'s Resp. to Pl.'s Motion to Bar 9.) But Emerson fails to inform this Court of how or why that factual difference is significant, especially in light of the fact that Emerson acknowledges that "the [*Motorola*] Court

---

[3]At oral argument and in its response to Plaintiff's Motion, Emerson emphasized this Court's obligation to independently construe claim terms. In Emerson's response to Plaintiff's motion, it cites numerous cases, including *Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1318 (Fed. Cir. 2007) (Gajarsa, J., concurring) (quoting *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1556 (Fed. Cir. 1995)), for the proposition that "a court's 'task is not to decide which of the adversaries is correct' but rather to 'independently . . . declare the meaning of the claims.'" (Def.'s Resp. to Pl.'s Mot. to Bar 11.) Notwithstanding the fact that this statement appears in a concurring opinion, which Emerson failed to note, it does not change this Court's decision. Judge Gajarsa wrote this statement as it concerned the district court's failure to construe the claim term at all. *Id.* at 1317 (stating that the district court did not define the claim term at issue and failed in its duty by delegating the task of claim construction to the jury). That is certainly not what happened here–this Court *is construing* the claims by adopting the Barred Terms. Furthermore, Judge Gajarsa's concurrence actually notes that courts have the power to adopt a party's proposed construction when construing claims. *Id.* at 1315, 1318 (finding defendant's proposed definition was "substantially correct" and stating that "[w]e have the power to approve of those aspects of [defendant's] proposed claim construction which comport with the evidence while rejecting those aspects which do not").

found that the Defendants . . . had waived their right to present alternative constructions" by failing to respond to plaintiff's constructions. (*Id.*) Like the defendants in *Motorola*, Emerson failed to submit its proposed construction at the proper time. Regardless of when this failure occurred–before or after a *Markman* hearing, for example–the effect of this Court's Simultaneous Submission Order remained the same: Emerson waived its right to propose constructions of the Barred Terms when it failed to respond to Plaintiff's Proposal on December 24, 2008. Therefore, this Court rejects Emerson's argument.

If this Court's opinion ended there, it would be incomplete because Emerson is equipped with another argument. It contends that, unlike the defendants in *Motorola*, "Emerson . . . is [not] attempting to 'postpone' or 'force a delay' in any aspect of the claim construction process." (*Id.*) Emerson points out that it "provided specific proposed alternative constructions for many of the definitions proposed by [Plaintiff]." (*Id.*) That fact, of course, is true; but it is also true that Emerson did not propose its alternative constructions simultaneously, as the Simultaneous Submission Order required. The entire purpose of the Simultaneous Submission Order was to ensure that neither party disadvantaged the other by proposing constructions at different times. When Emerson failed to simultaneously respond to Plaintiff's Proposal, it attempted to force a delay in the claim construction process that would disadvantage Plaintiff. Thus, this Court rejects Emerson's argument.

In any event, "'[i]t is the parties' duty,'" not this Court's, "'to package, present, and support their arguments.'" *Fagocki v. Algonquin/Lake-in-the-Hills Fire Prot. Dist.*, 496 F.3d 623, 629 (7th Cir. 2007) (quoting *Roger Whitmore's Auto. Servs., Inc. v. Lake County*, 424 F.3d 659, 644 n.2 (7th Cir. 2005)). This Court will not undertake Emerson's duty, which it waived, as to the

Barred Terms. Therefore, this Court adopts Plaintiff's proposed constructions of the Barred Terms as stated in Plaintiff's Proposal. This adoption does not preclude Emerson from subsequently challenging any claim terms–including the Barred Terms or the New Terms–as invalid or indefinite.

### III. Conclusion

This Court makes the following conclusions:

1. This Court grants Plaintiff's motion to bar Emerson from proposing constructions of the Barred Terms only. Therefore, Emerson may not propose constructions of the Barred Terms.

2. This Court denies Plaintiff's motion to bar Emerson from proposing constructions of the Unknown Terms. Therefore, Emerson may propose constructions of the Unknown Terms.

3. This Court grants Plaintiff's motion for the adoption of only the Barred Terms. Therefore, this Court adopts Plaintiff's proposed constructions of the Barred Terms only.

4. This Court denies Plaintiff's motion for the adoption of the Unknown Terms. Therefore, this Court does not adopt Plaintiff's proposed constructions of the Unknown Terms.

Lest there be any confusion, this Court expressly finds that nothing in this decision prevents Emerson from challenging any claim terms–including the Barred Terms or the Unknown Terms–as invalid or indefinite.

For the aforementioned reasons, Plaintiff's motion is granted in part and denied in part.

**ENTER ORDER:**

*/s/ Martin C. Ashman*
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: February 13, 2009.